B. ARIE, Appellant, v. ANNA SEERY DIXON ET AL.

**Intoxicating liquors:** ILLEGAL SALE: SECURITY FOR PAYMENT: EVIDENCE.
1 Under the statute a note and mortgage given in part to secure the payment for liquor sold in violation of law are null and void. Under the evidence in this case the securities in question are held to be within the statute.

**Same:** SALE BY PARTNER: CONSENT OF CITY. One partner may bind
2 the firm in the transaction of firm business: And, where one member of a foreign firm sells liquor in Iowa, and there is no showing that the transaction was completed in the foreign State, the sale is illegal: And, sales of liquor to a dealer who has not filed a resolution of consent of the city council in the city where the business is conducted are illegal.

*Appeal from Boone District Court.*—HON. C. G. LEE, Judge.

MONDAY, NOVEMBER 22, 1909.

ACTION in equity to foreclose a real estate mortgage. There was a judgment dismissing the bill, and the plaintiff appeals. *Affirmed.*

*Whitaker & Snell,* for appellant.

*Stevens & Fry,* for appellees.

SHERWIN, J.—The defendant, Anna Seery Dixon, executed her promissory notes for $500 and a mortgage securing the same to the plaintiff. At the time of the execution of the notes and mortgage Mrs. Dixon was unmarried and living with her mother, who was a widow and a partner in the firm of Mann & Co., a company which was conducting a saloon in the city of Boone. At this time Mann & Co. were indebted to O. B. Arie & Co. in the sum of $265.05 for whisky that had been purchased of O. B. Arie & Co. The firm of O. B. Arie & Co. was composed of the partners, O. B. Arie and a Mr. Hartman. Orders were taken for the whisky in Boone by either Mr. O. B. Arie or Mr. Hartman, and such orders were filled in Chicago and shipped to Boone. The defendant pleaded that part of the consideration for the notes in suit was for whisky which had been sold to the firm of Mann & Co. in violation of law, and for the purpose of assisting said Mann & Co. in violating the prohibitory liquor law.

The only questions presented for our determination are fact questions, and one is whether the notes in suit were in fact given, either in whole or in part, for or on account of intoxicating liquors sold in violation of law within the meaning of the statute. The undisputed facts are that the real estate covered by the mortgage in question was subject to certain mechanics' liens, and, in addition to this, the mother of Mrs. Dixon owed certain debts which she desired to pay. The title of their property stood in the name of Mrs. Dixon, and she and her mother finally concluded to mortgage the property for the purpose of squaring up the liens then standing against it, and

1. INTOXICATING LIQUORS: illegal sale: security for payment: evidence.

paying the other debts. The plaintiff, who is the father of O. B. Arie, of the liquor firm of Arie & Co., agreed to loan sufficient money on the defendant's property to pay off the debts to which we have referred. When he first discussed the subject with the defendants, nothing was said about the indebtedness of Mann & Co. to O. B. Arie & Co. for whisky; but when the time came for making the loan and executing the notes and mortgage, the plaintiff stated to Mrs. Dixon that he would make a large enough loan so that the O. B. Arie & Co. whisky bill could be paid, and stated to Mrs. Dixon that unless such an arrangement was made and the whisky bill was paid from the proceeds of the loan, he would have to pay it himself, or, in other words, that he was responsible for the bill, and unless it was paid, as he had indicated from the proceeds of the loan, he would suffer loss. Acting upon those statements of the plaintiff, Mrs. Dixon took a loan of $900, and the plaintiff retained therefrom the amount due from Mann & Co. to O. B. Arie & Co., and accounted to the defendant for the balance of the loan.

The statute provides (Code, sec. 2423) that "all sales, transfers, liens and securities of every kind which, either in whole or in part, shall have been made for, or on account of intoxicating liquors sold in violation of this chapter, shall be null and void against all persons, and no rights of any kind shall be acquired thereby." The language quoted is very broad, and we think the situation disclosed here brings the notes and mortgage in question clearly within the scope of the statute, provided only that it shall be found that the liquors in question were sold in violation of law. *Singer v. McNamara* (Iowa), 111 N. W. 925.

There are two reasons why we think it must be held that the liquors for which payment was made were sold in violation of law. In the first place, we are abidingly satisfied from the record before us that the sales made by

O. B. Arie & Co. to Mann & Co. were Iowa sales, and

*2. SAME: sale by partner: consent of city.* there is no pretense that O. B. Arie & Co. had any authority to sell intoxicating liquors in this state. It will be remembered that O. B. Arie & Co. was at the time a partnership, consisting of two members, O. B. Arie and a Mr. Hartman. The sales to Mann & Co. were generally made by one or the other of the partners, and so far as the record in this case discloses, all of the sales for which the indebtedness involved herein was created were made by one or the other of the partners. It is a general rule, too well established by authority to require fortifications, that one partner may bind the firm in transacting the firm's business, and, this being true, when either of these partners made a contract for the sale of liquors to Mann & Co., or took a specific order for such goods in Boone, the same would constitute an Iowa contract in the absence of any evidence showing that the sale was not completed within this state. There is no such evidence in the record before us. The farthest that the evidence goes in that direction is the testimony of Mr. O. B. Arie of the firm that the orders taken by himself or his partner were generally O. K.'d by the house in Chicago, but there is no showing that they had to be approved by the home office before the order was shipped, or that anything was in fact necessary to complete the transaction. The sales to Mann & Co. were therefore sales made within this state, and O. B. Arie & Co. having no authority to make such sales, they were illegal. The sales were illegal also because of the failure of Mann & Co. to comply with the mulct law; the said company having neglected to file a resolution of consent by the city of Boone.

The most serious question presented was on the first proposition discussed, but the record shows that O. B. Arie spent most of his time in Boone; that he solicited orders there, and from there conducted his office business in the office of the plaintiff herein, who was also in the wholesale

liquor business.   The relations thus existing between the plaintiff and his son were such as to strongly indicate that they were in reality connected in a business way in both the Chicago and the Boone houses.   In addition to this, there is evidence of the plaintiff himself tending to show an interest in his son's business.

Taking the record as a whole, we are satisfied that the trial court reached the right conclusion, and that its judgment should be *affirmed*.